Gordon Leslie **PATTEN**, Appellant,

v.

**CITY OF TULSA**, Appellee.

Nos. A–16843, A–16844.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1972.

Robert N. Wilde, Tulsa, for appellant.

Jack Morgan, City Pros., City of Tulsa, for appellee.

## CONSOLIDATED OPINION

BRETT, Judge.

Appellant, Gordon Leslie Patten, hereinafter referred to as defendant, was convicted in the Municipal Court of the City of Tulsa, Case No. 124661, of operating a motor vehicle under the influence of intoxicating liquor with punishment fixed at a fine of One Hundred Dollars ($100.00) and thirty (30) days in jail. Judgment and sentence was imposed on May 7, 1971, and an appeal therefrom taken to this Court as our Case No. A–16,843. Defendant was also convicted in the Municipal Court of the City of Tulsa, Case No. 118375, of operating a motor vehicle under the influence of intoxicating liquor, with punishment fixed at a fine of One Hundred Dollars ($100.00) and thirty (30) days in jail to be served concurrently with the jail sentence in City of Tulsa Case No. 124661. Judgment and sentence was imposed on May 7, 1971, and an appeal therefrom perfected to this Court as our Case No. A–16,844. These appeals have been consolidated for disposition.

These appeals were filed with this Court on August 6, 1971, containing the original record of the trial court, transcript of the trial court proceedings, and a petition in error. However, no brief has been filed by the defendant, nor was an extension of time in which to file a brief requested. Subsequently, on December 9, 1971, these cases were summarily submitted for an opinion in accordance with the rules of this Court. Rule 1.6 and Rule 1.9.

It is a well established rule of this Court that where the defendant appeals

from a judgment and sentence and no briefs are filed in support of the petition in error, this Court will examine the record only for fundamental errors; if none appear on the record, the judgment and sentence will be affirmed. Enoch v. Oklahoma City, Okl.Cr., 444 P.2d 856.

■ The only allegations contained in the petition in error urge that there were no facts presented to the trial court on which the parties could stipulate a plea of guilty; and that the sentence of the court was excessive. The record establishes that on May 7, 1971, the defendant appeared in person and with counsel, Mr. Robert N. Wilde, in the Municipal Court of the City of Tulsa before Judge R. Hayden Downie and entered a plea of guilty in the two cases which have been appealed to this Court. The record reflects that the defendant personally advised the court, "I plead guilty." Defendant's counsel, Mr. Wilde, thereupon stated, "show it on the stipulation." The trial court then stated: "Show a stipulation of a finding of guilt." Since defendant offers no argument in support of his allegation, we do not know his reasoning in arguing there were no facts upon which to make a stipulation. Suffice it to say that the record clearly establishes that the defendant personally entered a plea of guilty while represented by counsel. Nothing appearing to the contrary, we conclude that the plea of guilty was voluntary and competently entered. The record further reflects that the defendant was himself an attorney and we further concluded that he was therefore competent and fully aware of the significance of his plea. As to the sentence, we find that it was well within the range provided by law and find no basis for modification.

Accordingly, the judgments and sentences imposed in the Municipal Court of the City of Tulsa in Case No. 124661 and Case No. 118375 are hereby affirmed.

BUSSEY, P. J., concurs.

SIMMS, J., not participating.